UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BROCHA BANAYAN
on behalf of herself and
all other similarly situated consumers

        Plaintiff,

   -against-

TRANSWORLD SYSTEMS, INC.

        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Brocha Banayan seeks redress for the illegal practices of Transworld Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Ft Washington, Pennsylvania.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Brocha Banayan*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 11, 2017, the Defendant mailed Plaintiff a letter in an attempt to collect on a debt purportedly owed to OLETA RIVER ER PHYSICIANS LLC.

11. This letter misrepresented to the Plaintiff that her insurance company was refusing to take care of the relevant medical bill(s), without having any knowledge regarding whether or not this was actually the case.

12. The alleged debt was non-existent.

13. The Plaintiff would certainly not have agreed to any medical services that would not be covered by insurance.

14. A valid debt for medical services "only rests upon a showing by the provider that the services were performed and accepted with the understanding on both sides that there was a fee obligation." Shapira v United Med. Serv., 15 NY2d 200, 210, 205 NE2d 293, 257 NYS2d 150 (Court of Appeals of New York 1965); Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

15. The Defendant is well aware that any implied contract can only rest upon a showing by the provider, that the services were performed and accepted with the understanding of both sides that there was a fee obligation.

16. At no time, did the Plaintiff enter into contract with the alleged creditor, nor did she signed any agreement with the creditor.

17. The Plaintiff did in fact, visit OLETA RIVER ER PHYSICIANS LLC and had provided her insurance; however, she did not request any medical services which would not be entirely covered by the medical insurance or which would result in any fee obligation.

18. The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that she in fact owed such an amount to OLETA RIVER ER PHYSICIANS LLC when it was not the case.

19. Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff's insurance company was unwilling to assist Plaintiff in connection with her medical bills.

20. Defendant's deceptive letter misleads the debtor in to believing that she cannot resolve this debt with her insurance company.

21. The letter deceptively conveys to the consumer that because debt has been processed by insurance that this debt is absolute and is the obligation of the responsible party, i.e., the Plaintiff, misleading the consumer to believe that there would be no point in contacting either the medical provider, or the debtor's insurance provider(s), when in fact a myriad of possibilities exist in which such medical debts are in error.

22. By way of a few limited examples: a) The debtors' insurance company may have made an error in processing, b) The medical provider may have made in error in overcharging. c) Payment may have been misapplied by either the insurance company or medical

provider. d) The debtor may have secondary insurance that would cover this charge. The different possibilities of resolving this debt go on and on.

23. Defendant's deceptive language in the said letter discourages the debtor from trying to directly contact his or her medical service provider.

24. Defendant's deceptive language discourages the debtor from trying to work this debt out, or obtain options directly from his or her medical service provider.

25. The least sophisticated debtor, by reading the above mentioned language, would be deceptively dissuaded from contacting his or her insurance company directly.

26. The FDCPA at section 1692e(10) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. On June 11, 2017, Transworld Systems, Inc. mailed the Plaintiff a letter, and in an effort to coerce the Plaintiff into making a payment on the subject debt, Transworld Systems, Inc. deceptively and misleadingly represented that it possessed and reviewed information regarding insurance matters related to the debt, even a literally true statement may convey a misleading impression in violation of section 1692e(10).

28. It is well settled that that the failure to disclose information is deceptive if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous.

29. In an effort to coerce the Plaintiff into making a payment, Transworld Systems, Inc. deceptively and misleadingly represented that the Plaintiff's Insurance Company refused to pay the debt that it sought to collect.

30. Defendant's letter is a standardized form letter.

31. This language is inherently misleading and deceptive, because it was made without any

individual or actual knowledge of whether it was true or false. Transworld Systems, Inc. uses this language for all its medical debts, regardless of which medical provider provided the service.

32. If a debt collector makes an assertion of fact to a consumer, the ordinary implication is that the debt collector has some factual basis with which to make that statement.

33. If the debt collector in fact has no actual knowledge on which to base the assertion at the time it is made, then the statement is inherently deceptive.[1]

34. Despite Transworld Systems, Inc.'s careless lack of knowledge, it attempted to collect this debt with reckless disregard for the truth, with the sole objective of coaxing Plaintiff into paying the obligation allegedly due.

35. Defendant violated the FDCPA at Section 1692e(10) by misrepresenting to Plaintiff that her insurance company was unwilling to assist her in connection with her medical bills – thus, she must pay to the Defendant the amount requested.

36. Defendant's letter implied that the Plaintiff's insurance company had processed her claim and that they would not cover the alleged debt, when Defendant had no factual basis with which to make such representation.[2]

37. Defendant is liable for its misrepresentations even if the-unsubstantiated statements subsequently turns out to be true, since a debt collector cannot justify any groundless

---

[1] See Forsberg v. Fidelity Nat. Credit Services, Ltd., 2004 WL 3510771, at *5 (S.D. Cal. Feb. 26, 2004). ("even literally true statements . . . are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive.") (alterations omitted).

[2] See Ponce v. BCA Fin. Servs., Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012). ("The district court rejected [The debt collectors] argument that because it is not disputed that no insurance company has paid the medical bill despite attempts by the medical provider to obtain payment, [The debt collectors] statement ["sir, your insurance company will not go ahead and take care of this now,"] was indeed true, and therefore, cannot be deemed to have been false or misleading. The district court noted that our circuit has evaluated FDCPA's claims under the "least sophisticated consumer" standard. Here, although [The debt collector] based her statement on her general experience about insurance claims, she had no particular information to support her statement about [the debtor] insurance, and therefore, the district court concluded that she based her statement on an assumption which was meant to coax [the debtor] into paying the bill. We see no reversible error in the district court's conclusion that this statement would have been misleading to the least sophisticated consumer and therefore violated § 1692e(10).")

statements made in an attempt to coerce payment from a consumer, so long as that debt collector is lucky enough to learn later that the statements made absent foundation were not literally false.

38. Debt collectors who convey literal truths, partial truths, or ambiguous statements to consumers are still in violation of the FDCPA if they are misleading. Under § 1692e, a debt collector's statement must not only be true, it must also avoid ambiguity and unnecessary bullying or intimidation.[3]

39. Defendant's letter would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Second Circuit in *Clomon v. Jackson, 988 F. 2d 1314 - Court of Appeals, 2nd Circuit 1993*.[4]

40. The debt collector has no particular information to support its claim about the debtor's insurance, and therefore, the collector based its collection attempts on an assumption which was meant to coax the debtor into paying the bill. These collection attempts are

---

[3] Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d Cir. 1996). ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."); *Forsberg v. Fidelity Nat'l Credit Serv. Ltd.,* Case No. 03-cv-2193, 2004 WL 3510771, at *6 (S.D. Cal. Feb. 26, 2004) (suggesting that defendant debt collector's "bluffing" in an "attempt to pressure and intimidate plaintiff" would constitute a violation of § 1692e(10)); *Cacace,* 775 F. Supp. at 506 (entering summary judgment for plaintiffs in FDCPA case under § 1692e where debt collector inaccurately threatened that if it brought action against plaintiffs, then the commencement of litigation would automatically cause attachment of plaintiff's property); *Rosa v. Gaynor,* 784 F. Supp. 1, 4 (D. Conn. 1989) (holding that a letter that created a "false sense of urgency" and listed "intimidating" and "bullying" remedies was unlawfully deceptive)

[4] In Ponce v. BCA Financial Services, Inc., Docket No. 33 1:10-cv-20337 (S.D. Fla. May 24, 2011). the Defendant asserted that its statement to Plaintiff (that his insurance would not cover his outstanding bill) would not have deceived the "least sophisticated consumer" or any consumer because it was true and it was undisputed that no insurance company come forward to pay Plaintiff's bill, and the original creditor had provided a sworn affidavit that it exhausted all opportunities to obtain payment from any insurance provider before. The court stated: "I can only conclude that [the debt collector] told Plaintiff that his insurance company would not cover his bills in order to coax him into making a payment. Rather than field his many questions or alleviate his obvious confusion about the underlying charges and the insurance company's refusal to pay them, [the debt collector] simply invented a reason to terminate the conversation and disguised it as personal knowledge: "Well, sir your insurance company will not go ahead and take care of this now."… I find that [the debt collectors] statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Eleventh Circuit in *Jeter*." **Affirmed by** Ponce v. BCA Fin. Servs., Inc., **2012 WL 470213 (11th Cir. Feb.14, 2012)**

misleading to the least sophisticated consumer and therefore violated § 1692e(10).[5]

41. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

42. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

43. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

44. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

45. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

46. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

47. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

48. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of

---

[5] See. Ponce v. BCA Financial Services, Inc., Docket No. 33 1:10-cv-20337 (S.D. Fla. May 24, 2011). ("This position does not comport with common sense. Adopting it would permit [the debt collector] to summarily obtain $378.35 from [the debtor] based on nothing more than an assumption that happened to be correct.") Affirmed by *Ponce v. BCA Fin. Servs.*, Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012)

her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

49. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

50. As an actual and proximate result of the acts and omissions of Transworld Systems, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

51. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty (50) as if set forth fully in this cause of action.

52. This cause of action is brought on behalf of Plaintiff and the members of a class.

53. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 11, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to OLETA RIVER ER PHYSICIANS LLC; and (b) the collection letter was returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

54. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

55. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

56. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

57. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

58. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

59. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
May 9, 2018

_/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

-11-

